JOSEPH A. KEALEY *vs.* RICHARD J. GUILFOYLE & another. December 9, 1971. The defendants signed a note in the amount of $4,300 as payment for work performed by the plaintiff. The note contained a provision that the defendants could set off against the amount due on the note any costs incurred by them in completing unfinished work by the plaintiff. The defendants paid $2,150 plus interest of $86 to the plaintiff, and the plaintiff sued for the balance. The defendants filed an answer and declaration in set-off which alleged unfinished work by Kealey. The case, which was originally remanded to the District Court, had been retransferred to the Superior Court following findings by the District Court judge "for the defendants (Guilfoyle) and for the Defendant in set off (Kealey)." At the Superior Court trial there was introduced oral evidence and the finding of the District Court judge. The Superior Court judge made the following findings: "The Court finds for the defendants Richard J. Guilfoyle and C. Barbara Guilfoyle in the action brought by Joseph A. Kealey against them. The Court finds for the defendant in setoff Joseph A. Kealey in the declaration in setoff filed by Richard J. Guilfoyle and C. Barbara Guilfoyle." The Superior Court judge denied the plaintiff's request for rulings which would have required a finding on his behalf for the cash balance due on the note. The proper practice would have been for the judge of the District Court (whose decision was not reviewed by the Appellate Division) to have found for the plaintiff on the balance due on the note and for the defendants (Guilfoyle) on the declaration in set-off, for the amount due them for completing the unfinished work. G. L. c. 232, § 11. In finding for the defendants (Guilfoyle), however, the judge in the Superior Court necessarily must have concluded that the defendants (Guilfoyle) had expended an amount at least equal to the balance due on the note.

*Exceptions overruled.*

*Benjamin Rudner* for the plaintiff.
*Peter Myerson* for the defendants.